UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EON PITT, | Civil Action No.: |
| Plaintiff, | |
| – against – | **VERIFIED COMPLAINT** |
| CITY OF NEW YORK, P.O. MICHAEL MITCHELL, and JOHN DOES 1-5, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Eon Pitt, by his attorney, Mark A. Marino, PC, for his Verified Complaint against Defendant City of New York, Defendant P.O. Michael Mitchell, and Defendant John Does 1-5, alleges, upon personal knowledge and upon information and belief:

## NATURE OF THE ACTION

1. On January 26, 2014, at approximately 8:30 p.m., Plaintiff Eon Pitt ("Plaintiff") was arrested and detained by Defendant P.O. Michael Mitchell ("Mitchell") and Defendant John Does 1-5 ("John Does"), members of the New York City Police Department ("NYPD") (collectively, the "Individual Defendants"), without probable cause, consent, or other justification. The Individual Defendants arrested Plaintiff and took him to the NYPD's 73rd Precinct for allegedly attempting to steal a car in a parking lot and eventually sent him to central booking to be arraigned. (These allegations, along with the allegations as further detailed below, are hereinafter referred to, collectively, as the "Incident.")

2. All charges against Plaintiff were dismissed on or about September 24, 2014.

3. Upon information and belief, Plaintiff was in police custody for approximately twenty-one hours.

4. Plaintiff had made approximately five court appearances before the charges were dismissed.

5. Plaintiff lost several job opportunities because of the Incident. Defendants caused injuries to Plaintiff, including loss of freedom, economic damages, and psychological injuries, among other things.

## PARTIES

6. Plaintiff is, and was at the time of the Incident, a resident of Kings County, State of New York.

7. Defendant City of New York is, and was at the time of the Incident, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York.

8. Defendant Mitchell is, and was at the time of the Incident, an NYPD police officer with Shield Number 12463. Defendant Mitchell, upon information and belief, is a member of one of the NYPD's Brooklyn South Units based out of the NYPD's 63rd Precinct.

9. Upon information and belief, Defendant John Does are, and were at the time of the Incident, members of the NYPD based out of the NYPD's 63rd Precinct. Defendant John Does, upon information and belief, were members of one of the NYPD's Brooklyn South Units at the time of the Incident.

10. At all relevant times, including, but not limited to, the time during which the Incident took place, all of the Individual Defendants were acting within the scope of employment.

11. At all relevant times, including, but not limited to, the time during which the Incident took place, all of the Individual Defendants were acting under color of state law.

12. Defendant City of New York and the Individual Defendants are referred to herein, collectively, as "Defendants."

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over the instant action, pursuant to 28 U.S.C. §§ 1331 and 1343, as this is a civil action asserting claims under the federal civil rights laws.

14. Venue is proper, pursuant to 28 U.S.C. § 1391, as the events and transactions giving rise to Plaintiff's claims occurred within this district (in Kings County).

## FACTUAL ALLEGATIONS

15. At approximately 8:30 p.m. on January 26, 2014, Plaintiff was leaving work at Sprint mobile, located at in the Georgetown Shopping Center, located at 2143 Ralph Avenue (in Kings County).

16. Plaintiff, an African-American male in his twenties, planned to drive his girlfriend's car home from work.

17. Plaintiff's girlfriend had given him the car keys and consented to his driving the car home from work.

18. As Plaintiff opened the door to his girlfriend's car, the Individual Defendants pulled up in a police vehicle(s) and arrested Plaintiff for allegedly trying to steal the car.

19. When Plaintiff asked for an explanation for the arrest, the Individual Defendants told him an unbelievable story. Upon information and belief, the Individual Defendants just made it up out of thin air.

20. Plaintiff's relative, an active NYPD sergeant, called the NYPD's 73rd Precinct to find out why Plaintiff was arrested. Upon information and belief, one of the Individual Defendants repeated the incredible story to Plaintiff's relative.

21. The car belonging to Plaintiff's girlfriend was not stolen, and Plaintiff was not attempting to steal it.

22. Upon information and belief, Defendant Mitchell was the arresting officer and, thus, he made the decision to send Plaintiff to central booking for arraignment.

23. Neither Defendant Mitchell nor any of Defendant John Does had probable cause or other privilege to arrest Plaintiff and ultimately send him to central booking for arraignment.

24. Each of the Individual Defendants knew that Plaintiff was being sent to central booking for arraignment without probable cause, consent, or other justification.

25. Plaintiff was arraigned at approximately 5:30 p.m. on January 27, 2014.

26. Plaintiff was in the custody of the NYPD and/or New York City Department of Correction (in central booking) for a total of approximately twenty-one hours.

27. The case was terminated in Plaintiff's favor on or about September 24, 2014.

28. Plaintiff went to court approximately five times to fight these baseless charges.

29. Plaintiff lost several job opportunities because of the Incident.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – FALSE ARREST/FALSE IMPRISONMENT
### As Against the Individual Defendants (Including Defendant Mitchell)

30. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Under the Constitution of the United States of America and 42 U.S.C. 1983, Plaintiff has the right to be free from unreasonable and illegal searches and seizures, including false arrest and false imprisonment.

32. One or more of the Individual Defendants, including, but not limited to, Defendant Mitchell, violated Plaintiff's rights when he/she/they intentionally arrested and

4

confined Plaintiff, who was conscious at the time, without consent, justification, privilege, or probable cause.

33. The actions of one or more of the Individual Defendants, including, but not limited to, Defendant Mitchell, caused injuries to Plaintiff, including loss of freedom, economic damages, and psychological injuries, among other things.

34. The Individual Defendants, including, but not limited to, Defendant Mitchell, took the aforementioned actions against Plaintiff during the course, and within the scope, of employment with the NYPD and Defendant City of New York.

35. The Individual Defendants, including, but not limited to, Defendant Mitchell, were acting under color of state law at all times during the Incident.

36. The actions taken by the Individual Defendants, including, but not limited to, Defendant Mitchell, against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. 1983 – FAILURE TO INTERVENE
### As Against the John Doe Defendants

37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36, inclusive, as though fully set forth herein.

38. Under the Constitution of the United States of America and 42 U.S.C. 1983, police officers have an affirmative duty to protect the constitutional rights of citizens by intervening when other police officers commit constitutional violations in their presence.

39. One or more of the Individual Defendants violated Plaintiff's constitutional rights when, in his/her/their presence, Defendant Mitchell (and other Defendant John Does) falsely arrested and falsely imprisoned Plaintiff, yet did not intervene to protect Plaintiff.

5

40. The actions of one or more of the Individual Defendants caused injuries to Plaintiff, including loss of freedom, economic damages, and psychological injuries, among other things.

41. The Individual Defendants took the aforementioned (in)actions against Plaintiff during the course, and within the scope, of employment with the NYPD (and thus, Defendant City of New York).

42. The Individual Defendants were acting under color of state law at all times during the Incident.

43. The (in)actions taken by the Individual Defendants against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – MUNICIPAL LIABILITY
### As Against Defendants

44. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. NYPD police officers, such as the Individual Defendants, so often arrest a "suspicious" person and make up some reason for the arrest after the fact that it has become a *de facto* policy of the NYPD.

46. The existence of the above-described unlawful and unconstitutional *de facto* policy and widespread custom and practice is known to, encouraged, and condoned by supervisory and policy-making officers and officials of the NYPD (and thus Defendant City of New York).

47. Defendant City of New York has shown a deliberate indifference towards citizens with respect to the foregoing unconstitutional policy.

48. Plaintiff sustained injuries as a result of Defendant City of New York's unconstitutional policy, including loss of freedom, economic damages, and psychological injuries, among other things.

49. The aforementioned actions of the Individual Defendants resulted from, and were taken pursuant to, the above-mentioned *de facto* policy and/or well-settled and widespread custom and practice of Defendant City of New York, which are implemented by members of the NYPD.

50. Defendant City of New York is liable and responsible for all injuries resulting from its deliberate indifference to these unconstitutional practices.

**DEMAND FOR JURY TRIAL**

51. Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff Eon Pitt respectfully requests that this Court enter Judgment in his favor and against Defendants as follows:

  a. compensatory and punitive damages as against Defendants, jointly and severally, in a combined amount to be determined at trial;

  b. attorney's fees incurred during this action, pursuant to 42 U.S.C. 1988(b), the determination of which lies within the sound discretion of this Court;

  c. costs incurred during this action, pursuant to 42 U.S.C. 1988(b), the determination of which lies within the sound discretion of this Court;

  d. expert fees incurred during this action, pursuant to 42 U.S.C. 1988(c), the determination of which lies within the sound discretion of this Court;

# VERIFICATION

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF KINGS      )

Eon Pitt hereby affirms, under the penalties of perjury, to the following:

I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my knowledge, except as to the allegations based upon information and belief, and as to those matters, I believe them to be true.

Date: July _____, 2015
Nov 19, 2015

_____
Eon Pitt Sr

Sworn to and subscribed before me
this 19th day of July 2015.
       NOVEMBER
       Nov 19 2015

_____
Notary Public

KAMAL P. SONI
Notary Public, State of New York
No. 01SO6089949
Qualified in Kings County
Commission Expires March 31, 2019